ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS
PER CURIAM:
1 tDenied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the fil *1271 ing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
STATE OF LOUISIANA VERSUS DEREK HALE
CRIMINAL DISTRICT COURT
PARISH OF ORLEANS
NO. 459-388 SECTION “I”
JUDGMENT
Petitioner’s application for post-conviction relief was filed on January 13, 2016, more than nine years after petitioner’s conviction became final. This application is clearly time barred and “shall not be considered” by this Honorable Court unless “[t]he claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.” La. C. Cr. P. art. 930.8(A)(2) The case that Mr. Hale cites in an effort to avoid this provision is Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), which was decide by the United States Supreme Court more than three years before the instant application. Accordingly, the application for post-conviction relief is untimely and DENIED.
New Orleans, La., this 21st day of January 2016.
/s/ JUDGE